KENNON, Judge
(dissenting).
Under the definition of hazards covered by the policy issued to D. S. Williams is found the following paragraph: “The ownership, maintenance or use, for the purposes stated in the declarations, of the premises, and all operations which are necessary or incidental to such purposes.”
The petition sets forth that the lights were turned off by Mrs. Servatius “acting upon the request and under the instructions of Mrs. D. S. Williams, * * In the petition it is alleged that Mrs. D. S. Williams was in charge of the premises as the agent of her husband, the insured. Since the allegations of the petition are taken as true for the purposes of passing on the exception of no cause of action, it follows that a cause of action has been set forth against D. S. Williams in his insured status, as owner of the premises inasmuch as it is alleged that the accident was caused when the lights were wrongfully turned off through the orders of his agent, Mrs. D. S. Williams.
It is true that the petition sets forth that it was because of her interest and activity in the. field of photography that Mrs. Williams gave instructions to Mrs. Servatius that the hall be kept dark. The allegations regarding the darkroom activities can be treated as extra detail or sur-plusage. It matters not whether her motive in ordering the hall kept in darkness came from whim, caprice, interest in photography or otherwise. Since á reading of the petition discloses further that the authority of Mrs. Williams to order the stairway kept in darkness stemmed from the fact that she was “landlady” by virtue of being agent of her husband, the insured, a cause of action is set forth against this landlord (and therefore against his insurer) under the definition of hazards as provided in the policy issued by the defendant.
For these reasons, I respectfully dissent.